Case 4:23-cv-03344   Document 22   Filed on 01/10/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA SPANN, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3344 |
| | § | |
| THE KROGER CO., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court is Defendant The Kroger Co.'s ("Defendant" or "Kroger") Motion for Summary Judgment. (Doc. No. 20). Plaintiff Linda Spann ("Plaintiff" or "Spann"), proceeding *pro se*, did not file a response. Having considered the Motion for Summary Judgment, the evidence, and the applicable law, the Court **GRANTS** the Defendant's Motion. (Doc. No. 20).

### I.   Background

This is a "slip and fall" case that apparently lacks both a slip and a fall.[1] The facts presented to the Court are scant at best. The entirety of the facts provided by the Plaintiff in her complaint are as follows:

> On or about August 5, 2022, Plaintiff was shopping at a Kroger grocery store in Houston, Harris County, TX. Plaintiff slipped on water, and although she did not fall onto floor, her right leg slid forward while she was attempting to catch herself. Plaintiff suffered severe and debilitating injuries to her right knee, right foot, pain that radiates in her buttocks/hip, and body generally due to the unreasonably dangerous condition which Kroger allowed to exist.

(Doc. No. 1-1 at 10).

Spann initiated this lawsuit in Texas state court alleging two causes of action: premises liability and negligent activity. (*Id.* at 10–12). Defendant removed the suit to this Court. The Court

---

[1] While Plaintiff alleges that she slipped (but does not allege she fell), the video footage clearly demonstrates that no slip occurred. (Doc. No. 20-4).

1

previously dismissed Plaintiff's negligent activity claim. Defendant now moves for summary judgment on Plaintiff's remaining premises liability claim, contending that there is no genuine issue of material fact that: 1) there was a dangerous condition which posed an unreasonable risk of harm; 2) Defendant had actual or constructive knowledge of a dangerous condition; and 3) Defendant proximately caused Plaintiff's damages. (Doc. No. 20 at 1). As noted above, Plaintiff did not respond to Defendant's Motion for Summary Judgment.

## II.  Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.* Moreover, "the traditional leniency afforded to a *pro se* plaintiff does not excuse [the plaintiff] from her burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 246 (5th Cir. 2017).

### III. Analysis

As noted above, Plaintiff's only remaining claim is one of premises liability. "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citing *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014)).

#### A. Condition that posed an unreasonable risk of harm

Defendant provided Kroger's surveillance video showing the time period in which Spann is at the counter where she allegedly slipped and injured herself. (Doc. No. 20-4). The video depicts Spann walk up to the seafood counter, place her feet under a product rack in front of the counter, and begin speaking to the employee behind the counter. She then walks across the walkway to look at another product. As she is walking the roughly 10 feet to look at the other products, she briefly looks back to where she was initially standing. Notably, Spann does not visibly slip. Spann then walks back to the seafood counter. Approximately ten seconds later, the employee behind the counter grabs a towel, walks around to the front of the counter where Spann was standing, and

places the towel under the product rack in front of the counter.[2] Defendant acknowledges that there was in fact "a little water spill under [the] product rack and not on [the] walking area." (Doc. No. 20-2 at 1).

Defendant argues that there is no genuine issue of material fact that there was a condition that presented an unreasonable risk of harm because "[a]t best, the summary judgment evidence shows there was some water under a product rack (and out of the walkway) in front of the seafood counter." (Doc. No. 8). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 647 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Nevertheless, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Wal-Mart Stores, Inc. v. Sparkman*, No 02-13-00355-cv, 2014 WL 6997166, at *3 (Tex. App—Fort Worth Dec. 11, 2014, pet. denied). The video evidence provided by Defendant shows that there was an "indoor wet floor" where Plaintiff was standing at the time of the incident. Thus, there is a genuine issue of material fact as to whether there was a condition that posed an unreasonable risk of harm.

### B. Kroger's actual or constructive knowledge

Plaintiff must also raise a genuine issue of material fact as to whether Kroger had actual or constructive knowledge of the alleged condition causing the injury. *McCarty*, 864 F.3d at 358. For a premises owner or operator to have "actual knowledge" of a condition, the owner or operator

---

[2] Though the surveillance video is without sound and, therefore, it is not proven by the summary judgment evidence, the evidence does perhaps lead one to speculate that Plaintiff informed the employee behind the counter of the existence of the water, causing the employee to mop up the spill.

4

must have known that the hazard existed, but negligently failed to cure it. *See generally Keetch v. Kroger*, 845 S.W.2d 262 (Tex. 1992). In the absence of proof of actual knowledge, a Plaintiff can succeed in establishing the knowledge evidence by showing "constructive knowledge." Constructive knowledge can be established by showing that the condition existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *See CMH Homes, Inc.*, 15 S.W.3d 97, 102-03 (Tex. 2000). To show Kroger had constructive knowledge, Plaintiff must show that "it is more likely than not that the dangerous condition existed long enough to give [Kroger] a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998) (emphasis added).

Where a plaintiff has no evidence of how long the condition existed prior to her accidental fall, she has not met her burden of proof on notice, and the defendant is entitled to summary judgment. *See Wal-Mart v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."); *Gonzalez*, 968 S.W.2d at 936 (rendering judgment for defendant where the plaintiff could not prove macaroni on which plaintiff fell had been on floor long enough that defendant reasonably should have discovered it).

Spann has not identified any evidence from which a jury could conclude Kroger had actual or constructive knowledge of the store floor's allegedly dangerous condition prior to the alleged slip. The Court finds no evidence that Kroger was aware or should have been aware of the water under the product rack until Spann apparently notified the employee. The employee then immediately wiped up the water. Thus, Plaintiff has failed to meet her burden to raise a genuine issue of material fact as to whether Kroger had actual or constructive knowledge of the alleged condition causing the injury.

Plaintiff has therefore failed to raise a genuine issue of material fact on an essential element of Plaintiff's claim. Defendant is entitled to judgment as a matter of law.

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. No. 20). As the last remaining claim, this matter is hereby dismissed with prejudice.

Signed at Houston, Texas, on this the 10th day of January 2025.

Andrew S. Hanen
United States District Judge